Jose L. Linares
Joseph L. Linares
Mark M. Makhail
**MCCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
jlinares@mccarter.com
josephlinares@mccarter.com
mmakhail@mccarter.com

*Attorneys for Plaintiffs AbbVie Inc.,*
*Allergan Pharmaceuticals International*
*Limited, Allergan Sales, LLC, and*
*Ironwood Pharmaceuticals, Inc.*

OF COUNSEL:

Abigail Struthers (*pro hac vice* forthcoming)
Jerrit Yang (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
abigail.struthers@arnoldporter.com
jerrit.yang@arnoldporter.com

Jeremy Cobb (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

David Denuyl (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

*Attorneys for Plaintiffs AbbVie Inc., Allergan*
*Pharmaceuticals International Limited, and*
*Allergan Sales, LLC*

Gregory Morris, Ph.D. (*pro hac vice* forthcoming)
Jana Ruthberg (*pro hac vice* forthcoming)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
(212) 969-3000
gmorris@proskauer.com

Nicholas Prairie (*pro hac vice* forthcoming)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110-2600
(617) 526-9600

*Attorneys for Plaintiff Ironwood*
*Pharmaceuticals, Inc.*

–1–

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABBVIE INC., ALLERGAN PHARMACEUTICALS INTERNATIONAL LIMITED, ALLERGAN SALES, LLC, and IRONWOOD PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALKEM LABORATORIES LTD., <br><br> Defendant. | Civil Action No. _____ |

## COMPLAINT FOR PATENT INFRINGEMENT AND FOR DECLARATORY JUDGMENT OF PATENT INFRINGEMENT

Plaintiffs AbbVie Inc. ("AbbVie"), Allergan Pharmaceuticals International Limited ("APIL"), Allergan Sales, LLC ("Allergan Sales"), and Ironwood Pharmaceuticals, Inc. ("Ironwood") (collectively, "Plaintiffs"), by its attorneys, bring this action against Defendant Alkem Laboratories Ltd. ("Alkem" or "Defendant") and allege as follows:

### NATURE OF THE ACTION

1.      This is a civil action for patent infringement and for a declaratory judgment of patent infringement of United States Patent Nos. 7,304,036 (the "'036 Patent"), 8,933,030 (the "'030 Patent"), 9,708,371 (the "'371 Patent"), 8,802,628 (the "'628 Patent"), 8,748,573 (the "'573 Patent"), 10,675,325 (the "'325 Patent"), and 10,702,576 (the "'576 Patent") (collectively, the "Patents-in-Suit") arising under the United States Patent Laws, Title 35, United States Code, § 1 *et seq.*, and in particular under 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This action arises out of Alkem's filing or causing to be filed an Abbreviated New

–2–

Drug Application ("ANDA") seeking approval to market a generic version of Plaintiffs' pharmaceutical product LINZESS® (linaclotide) capsules ("LINZESS® Capsules") submitted under New Drug Application ("NDA") No. N202811, prior to the expiration of patents listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for LINZESS® Capsules. Alkem has submitted ANDA No. 221648 ("Alkem's ANDA"), which seeks approval to market its generic versions of LINZESS® (linaclotide) capsules in 72 mcg, 145 mcg, and 290 mcg dosage forms ("Alkem's ANDA products"), prior to the expiration of the Patents-in-Suit.

## LINZESS® AND THE NDA

2.      LINZESS® is a groundbreaking medicine that is approved by FDA for the treatment of irritable bowel syndrome with constipation ("IBS-C") in adults and pediatric patients 7 years of age and older, chronic idiopathic constipation ("CIC") in adults, and functional constipation ("FC") in pediatric patients 2 years of age and older.

3.      IBS-C and CIC are chronic gastrointestinal disorders that can substantially interfere with patients' daily lives. IBS-C is associated with recurrent abdominal pain and constipation, while CIC is characterized by symptoms that may include infrequent bowel movements, hard stools, straining, and incomplete evacuation. FC refers to a group of functional disorders which present as persistent difficult infrequent, or seemingly incomplete defecation. Millions of people are affected by these disorders.

4.      Before LINZESS® was approved, treatment options for these conditions were limited, particularly for patients with IBS-C who needed relief from both constipation and abdominal pain.

5.      Ironwood scientists developed linaclotide, the active ingredient in LINZESS®, after years of research into gastrointestinal biology and potential therapeutic approaches to treating IBS-C, CIC, and FC.  Linaclotide is a novel 14-amino-acid peptide that works by binding guanylate cyclase-C ("GC-C") receptor, acting locally at the intestinal surface with minimal systemic exposure.

6.      The FDA approved LINZESS® as a once-daily treatment for adult men and women with IBS-C or CIC on August 30, 2012. At the time of LINZESS®'s original approval, linaclotide was the first FDA-approved GC-C agonist for the treatment of IBS-C and CIC in adults.

7.      Plaintiffs have continued to invest in LINZESS® following its original approval, including by studying additional doses, indications, and patient populations. Those efforts resulted in additional FDA approvals for LINZESS® beyond the original adult indications for IBS-C and CIC. In June 2023, the FDA approved LINZESS® (72 mcg) for functional constipation in pediatric patients ages 6 to 17 years. In November 2025, the FDA approved LINZESS® (145 mcg) for irritable bowel syndrome with constipation in pediatric patients ages 7 years and older. In May 2026, the FDA approved LINZESS® (72 mcg) for functional constipation in pediatric patients ages 2 years and older. The FDA also granted Pediatric Exclusivity to LINZESS® in October 2025. These developments reflect the continuing efforts between Ironwood and AbbVie to study linaclotide and expand access to patients who may benefit from it.

8.      AbbVie, Allergan, and Ironwood co-develop and co-commercialize LINZESS® in the United States.

## THE PARTIES

9.      Plaintiff AbbVie is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 1 N. Waukegan Road, North Chicago, Illinois 60064.

AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world's most complex and critical conditions. The company's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas.

10. AbbVie holds NDA No. N202811 for LINZESS® Capsules.

11. Plaintiff APIL is a private limited company by shares organized and existing under the laws of Ireland, with a principal place of business at Clonshaugh Business & Technical Park, Dublin 17, Ireland D17 E400. APIL is an assignee of the '628, '573, '325, and '576 Patents. APIL is an indirectly wholly owned subsidiary of AbbVie.

12. Plaintiff Allergan Sales is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 1 N. Waukegan Road, North Chicago, Illinois 60064. Allergan Sales is an indirectly wholly owned subsidiary of AbbVie that holds a license under the Patents-in-Suit to market, sell, and distribute LINZESS® in the United States in collaboration with Ironwood.

13. Plaintiff Ironwood is a corporation organized and existing under the laws of Delaware, having a principal place of business at 100 Summer Street, Suite 2300, Boston, MA 02110. Ironwood is the assignee of the '036, '030, '371, '628, '573, '325, and '576 Patents.

14. Plaintiffs allege the following about Alkem on information and belief formed after a reasonable inquiry.

15. Defendant Alkem is a corporation organized and existing under the laws of the Republic of India with its principal place of business at Alkem House, Senapati Bapat Road, Lower Parel, Mumbai, 400 013, Maharashtra, India.

16. Alkem prepared Alkem's ANDA and caused it to be submitted to FDA.

17.    Alkem continues to pursue FDA approval of Alkem's ANDA.

18.    Alkem intends to commercially manufacture, market, import, offer for sale, and/or sell the Alkem ANDA Products throughout the United States, including in the State of New Jersey, in the event FDA approves Alkem's ANDA.

## JURISDICTION AND VENUE

19.    This is a civil action for patent infringement and declaratory judgment of infringement of the Patents-in-Suit. This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., including 35 U.S.C. § 271, and under the Declaratory Judgment Act, 28 U.S.C. §§ 1338(a), 2201, and 2202 *et seq*.

20.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201–02, and 35 U.S.C. § 271.

21.    This Court has personal jurisdiction over Alkem at least because it has continuous and systematic contacts with the State of New Jersey, regularly conducts business in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of New Jersey, and intends to sell Alkem's ANDA Products in the State of New Jersey upon approval of Alkem's ANDA.

22.    Alkem manufactures, markets, imports, distributes, and sells pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, throughout the United States and in this judicial district.

23.    Alkem is licensed to sell generic and proprietary pharmaceutical products in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos. For example, Alkem's subsidiary Ascend Laboratories, LLC, holds a

New Jersey Business Entity Reg. No. 0600158194, and is registered as a wholesale drug manufacturer and distributor in New Jersey under Reg. No. 5003567.

24. Alkem has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufactures and markets LINZESS® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated June 11, 2026 (and received by Plaintiffs June 12, 2026) sent by Alkem to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B), Alkem prepared and filed its ANDA with the intention of seeking to market Alkem's ANDA Products nationwide, including within this judicial district.

25. On information and belief, Alkem plans to sell the Alkem ANDA Products in the State of New Jersey, list the Alkem ANDA Products on the State of New Jersey's prescription drug formulary, and seek Medicaid reimbursements for sales of the Alkem ANDA Products in the State of New Jersey, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

26. On information and belief, Alkem knows and intends that the Alkem ANDA Products will be distributed and sold in New Jersey and will thereby displace sales of LINZESS®, causing injury to Plaintiffs. Alkem intends to take advantage of its established channels of distribution in New Jersey for the sale of the Alkem ANDA Products.

27. Alkem has regularly invoked the jurisdiction of the courts of this judicial district by pleading counterclaims in pharmaceutical patent infringement actions in this judicial district, and they have also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district. *See, e.g.*, *Axosome Malta Ltd. et al. v. Alkem Lab'ys Ltd.*, No. 2:25-cv-17395 (D.N.J); *Axosome Malta Ltd. et al. v. Alkem Lab'ys Ltd.*, No. 2:24-cv-10617 (D.N.J);

*Axosome Malta Ltd. et al. v. Alkem Lab'ys Ltd. et al.*, No. 2:24-cv-09209 (D.N.J); *Azurity Pharm., Inc. et al. v. Alkem Lab'ys Ltd.*, No. 1:23-00079 (D.N.J.); *Braintree Lab'ys, Inc. et al. v. Alkem Lab'ys Ltd.*, No. 1:25-cv-12118 (D.N.J.); *Esperion Therapeutics, Inc. v. Alkem Lab'ys Ltd.*, No. 2:22-cv-06263 (D.N.J.); *Janssen Pharms., Inc. et al. v. Alkem Lab'ys Ltd.*, No. 1:23-cv-02939 (D.N.J.); *GW Rsch. Ltd. v. Teva Pharms., Inc. et al.*, No. 2:23-cv-03914 (D.N.J.); *Grunenthal GmbH et al. v. Actavis Elizabeth LLC et al.*, No. 2:13-cv-04507 (D.N.J.); *In re Denosumab Patent Litigation*, No. 1:25-md-03138 (D.N.J.).

28.    Additionally, this Court has personal jurisdiction over Alkem because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Alkem is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Alkem has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Alkem's ANDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Alkem satisfies due process.

29.    Venue is proper in this district for Alkem pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Alkem is a corporation organized and existing under the laws of India and may be sued in any judicial district.

**THE PATENTS-IN-SUIT**

30.    The '036 Patent, titled "Methods and Compositions for the Treatment of Gastrointestinal Disorders" was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 4, 2007. A true and correct copy of the '036 Patent is attached as Exhibit A. The '036 Patent currently expires on August 30, 2026. The '036 Patent has also been

granted a 6-month Pediatric Exclusivity extension, which currently expires on February 28, 2027. Ironwood is the assignee of the '036 Patent. The '036 Patent is listed in the FDA Orange Book in connection with NDA No. N202811 for LINZESS® (linaclotide) oral capsules, 72 mcg, 145 mcg, and 290 mcg.

31.     The '030 Patent, titled "Treatments for Gastrointestinal Disorders" was duly and legally issued by the USPTO on January 13, 2015. A true and correct copy of the '030 Patent is attached as Exhibit B. The '030 Patent currently expires on February 17, 2031. The '030 Patent has also been granted a 6-month Pediatric Exclusivity extension, which currently expires on August 17, 2031. Ironwood is the assignee of the '030 Patent. The '030 Patent is listed in the FDA Orange Book in connection with NDA No. N202811 for LINZESS® (linaclotide) oral capsules, 72 mcg, 145 mcg, and 290 mcg.

32.     The '371 Patent, titled "Treatments for Gastrointestinal Disorders" was duly and legally issued by the USPTO on July 18, 2017. A true and correct copy of the '371 Patent is attached as Exhibit C. The '371 Patent currently expires on August 16, 2033. The '371 Patent has also been granted a 6-month Pediatric Exclusivity extension, which currently expires on February 16, 2034. Ironwood is the assignee of the '371 Patent. The '371 Patent is listed in the FDA Orange Book in connection with NDA No. N202811 for LINZESS® (linaclotide) oral capsules, 72 mcg, 145 mcg, and 290 mcg.

33.     The '628 Patent, titled "Stable Solid Formulations of a GC-C Receptor Agonist Polypeptide Suitable for Oral Administration" was duly and legally issued by the USPTO on August 12, 2014. A true and correct copy of the '628 Patent is attached as Exhibit D. The '628 Patent currently expires on October 30, 2031. The '628 Patent has also been granted a 6-month Pediatric Exclusivity extension, which currently expires on April 30, 2032. Ironwood and APIL

are the assignees of the '628 Patent. The '628 Patent is listed in the FDA Orange Book in connection with NDA No. N202811 for LINZESS® (linaclotide) oral capsules, 145 mcg and 290 mcg.

34.     The '573 Patent, titled "Formulations Comprising Linaclotide" was duly and legally issued by the USPTO on June 10, 2014. A true and correct copy of the '573 Patent is attached as Exhibit E. The '573 Patent currently expires on October 30, 2031. The '573 Patent has also been granted a 6-month Pediatric Exclusivity extension, which currently expires on April 30, 2032. Ironwood and APIL are the assignees of the '573 Patent. The '573 Patent is listed in the FDA Orange Book in connection with NDA No. N202811 for LINZESS® (linaclotide) oral capsules, 145 mcg and 290 mcg.

35.     The '325 Patent, titled "Stable Formulations of Linaclotide" was duly and legally issued by the USPTO on June 9, 2020. A true and correct copy of the '325 Patent is attached as Exhibit F. The '325 Patent currently expires on August 11, 2031. The '325 Patent has also been granted a 6-month Pediatric Exclusivity extension, which currently expires on February 11, 2032. Ironwood and APIL are the assignees of the '325 Patent. The '325 Patent is listed in the FDA Orange Book in connection with NDA No. N202811 for LINZESS® (linaclotide) oral capsules, 72 mcg.

36.     The '576 Patent, titled "Stable Formulations of Linaclotide" was duly and legally issued by the USPTO on July 7, 2020. A true and correct copy of the '576 Patent is attached as Exhibit G. The '576 Patent currently expires on August 11, 2031. The '576 Patent has also been granted a 6-month Pediatric Exclusivity extension, which currently expires on February 11, 2032. Ironwood and APIL are the assignees of the '576 Patent. The '576 Patent is listed in the FDA

Orange Book in connection with NDA No. N202811 for LINZESS® (linaclotide) oral capsules, 72 mcg.

**ALKEM'S ANDA NO. 221648**

37. Alkem filed ANDA No. 221648 with the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, offer for sale, or sale within the United States, and/or importation into the United States, of Alkem's ANDA Products (72 mcg, 145 mcg, and 290 mcg) before the expiration of the Patents-in-Suit.

38. On information and belief, FDA has not approved Alkem's ANDA.

39. Alkem sent Plaintiffs a letter dated June 11, 2026 ("Alkem's Paragraph IV Notice Letter") providing notice that Alkem's ANDA contains a certification with respect to each of the Patents-in-Suit under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"). AbbVie received Alkem's Paragraph IV Notice Letter on June 12, 2026.

40. The Paragraph IV Certification represents that Alkem filed its ANDA seeking approval from the FDA to commercially manufacture, use, market, or sell Alkem's ANDA Products in the United States before the expiration of the Patents-in-Suit.

41. According to applicable regulations, Notice Letters such as Alkem's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and

detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

42.    Alkem's Paragraph IV Notice Letter purported to contain a "Detailed Factual and Legal Basis for Alkem's Paragraph IV Certification for Linaclotide Capsules 72 mcg, 145 mcg, and 290 mcg" ("Detailed Statement") with respect to each of the Patents-in-Suit.

43.    Alkem's Paragraph IV Notice Letter purported to include an Offer of Confidential Access ("OCA") to certain Alkem confidential information regarding Alkem's ANDA Products. Alkem's purported OCA contained unreasonable restrictions regarding access to its ANDA, well beyond those that would apply under a protective order. For example, Alkem's purported OCA did not permit AbbVie's in-house counsel or scientific experts to access Alkem's ANDA. Additionally, Alkem's purported OCA contained provisions that unreasonably restricted the ability of outside counsel receiving access to Alkem's ANDA to engage in any work before or involving the USPTO or FDA relating to linaclotide. The restrictions in Alkem's purported OCA placed on access to Alkem's ANDA contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, *as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information*" (emphasis added).

44.    On July 17, 2026, outside counsel for Plaintiffs AbbVie, APIL, and Allergan Sales sent a letter to counsel for Alkem requesting that Alkem modify certain of the restrictions in its purported OCA and proposing revisions to accomplish this purpose.  As of the date of filing of this Complaint, counsel for Alkem had not responded to that July 17, 2026 letter.

45. On information and belief, if FDA approves Alkem's ANDA, Alkem will manufacture, offer for sale, or sell its ANDA Products, within the United States, including within the State of New Jersey, or will import its ANDA Products into the United States, including in New Jersey. The manufacture, use, offer for sale, sale, or importation of Alkem's ANDA Products will directly infringe the Patents-in-Suit, either literally or under the doctrine of equivalents, and Alkem will actively induce and/or contribute to the infringement of the Patents-in-Suit, either literally or under the doctrine of equivalents.

46. Plaintiffs are commencing this action within 45 days of the date of receipt of Alkem's Paragraph IV Notice Letter in accordance with the time frame for filing such a suit established by the Hatch-Waxman Act, 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
## INFRINGEMENT OF THE '036 PATENT

47. The allegations of paragraphs 1-46 above are repeated and re-alleged as if set forth fully herein.

48. Plaintiffs own all necessary rights, title, and interest in and to the '036 Patent.

49. Plaintiffs allege the following on information and belief, after a reasonable inquiry.

50. Alkem has submitted or caused the submission of Alkem's ANDA to FDA, and continues to seek FDA approval of Alkem's ANDA Products.

51. Alkem represented to the FDA that Alkem's ANDA Products are pharmaceutically and therapeutically equivalent to Plaintiffs' LINZESS® capsules.

52. Alkem's ANDA Products (72 mcg, 145 mcg, and 290 mcg) and/or the use thereof infringes one or more claims of the '036 Patent.

53.      Alkem has infringed the '036 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alkem's ANDA with a Paragraph IV certification and seeking FDA approval of Alkem's ANDA Products before the expiration of the '036 Patent.

54.      If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '036 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with the instructions in the labeling sought by Alkem's ANDA ("Alkem's ANDA Product Labelling") will directly infringe one or more claims of the '036 Patent.

55.      Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '036 Patent.  Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '036 Patent.

56.      If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the '036 Patent.

57. Importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '036 Patent will infringe one or more claims of the '036 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

58. Alkem has actual and constructive notice of the '036 Patent and is aware that the submission of Alkem's ANDA with the request for FDA approval prior to the expiration of the '036 Patent would constitute an act of infringement of the '036 Patent.

59. Alkem has acted with full knowledge of the '036 Patent and without a reasonable basis for believing that the manufacture, use, or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

60. Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '036 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

61. Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '036 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '036 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT II
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '036 PATENT

62. The allegations of paragraphs 1-61 above are repeated and re-alleged as if set forth fully herein.

63. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

64. Plaintiffs own all necessary rights, title, and interest in and to the '036 Patent.

65. Plaintiffs allege the following on information and belief, after a reasonable inquiry.

66. Alkem's ANDA Products (72 mcg, 145 mcg, and 290 mcg) and/or the use thereof infringes one or more claims of the '036 Patent.

67. Alkem has submitted or caused the submission of Alkem's ANDA to FDA and continues to seek FDA approval of Alkem's ANDA Products.

68. Alkem has made, and will continue to make, substantial preparation to import Alkem's ANDA Products into the United States, and/or to use, offer to sell, and/or sell Alkem's ANDA Products within the United States.

69. If Alkem's ANDA is approved, Alkem and/or its affiliates will immediately make, use, sell, offer for sale, and/or import Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '036 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '036 Patent.

70. Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '036 Patent. Alkem will

therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '036 Patent.

71.    Alkem has actual and constructive notice of the '036 Patent and is aware that the manufacture, use, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '036 Patent will constitute an act of infringement of the '036 Patent.

72.    Unless enjoined by this Court, importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '036 Patent will infringe one or more claims of the '036 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

73.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Alkem concerning liability for the infringement of the '036 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

74.    Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '036 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

75.    Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '036 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '036 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT III
## INFRINGEMENT OF THE '030 PATENT

76.     The allegations of paragraphs 1-75 above are repeated and re-alleged as if set forth fully herein.

77.     Plaintiffs own all necessary rights, title, and interest in and to the '030 Patent.

78.     Plaintiffs allege the following on information and belief, after a reasonable inquiry.

79.     Alkem has submitted or caused the submission of Alkem's ANDA to FDA, and continues to seek FDA approval of Alkem's ANDA Products.

80.     Alkem's ANDA Products (72 mcg, 145 mcg, and 290 mcg) and/or the use thereof infringes one or more claims of the '030 Patent.

81.     Alkem has infringed the '030 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alkem's ANDA with a Paragraph IV certification and seeking FDA approval of Alkem's ANDA Products before the expiration of the '030 Patent.

82.     If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '030 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '030 Patent.

83.     Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care

–18–

professionals and patients to directly infringe one or more claims of the '030 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '030 Patent.

84.     If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey,  and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the '030 Patent.

85.     Importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '030 Patent will infringe one or more claims of the '030 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

86.     Alkem has actual and constructive notice of the '030 Patent and is aware that the submission of Alkem's ANDA with the request for FDA approval prior to the expiration of the '030 Patent would constitute an act of infringement of the '030 Patent.

87.     Alkem has acted with full knowledge of the '030 Patent and without a reasonable basis for believing that the manufacture, use, or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

88.     Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '030 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

89.     Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '030 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '030 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

**COUNT IV**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '030 PATENT**

90.     The allegations of paragraphs 1-89 above are repeated and re-alleged as if set forth fully herein.

91.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

92.     Plaintiffs own all necessary rights, title, and interest in and to the '030 Patent.

93.     Plaintiffs allege the following on information and belief, after a reasonable inquiry.

94.     Alkem's ANDA Products (72 mcg, 145 mcg, and 290 mcg) and/or the use thereof infringes one or more claims of the '030 Patent.

95.     Alkem has submitted or caused the submission of Alkem's ANDA to FDA and continues to seek FDA approval of Alkem's ANDA Products.

96.     Alkem has made, and will continue to make, substantial preparation to import Alkem's ANDA Products into the United States, and/or to use, offer to sell, and/or sell Alkem's ANDA Products within the United States.

97.     If Alkem's ANDA is approved, Alkem and/or its affiliates will immediately make, use, sell, offer for sale, and/or import Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '030 Patent. Additionally, if

Alkem's ANDA is approved, health care professionals or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '030 Patent.

98.    Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '030 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '030 Patent.

99.    Alkem has actual and constructive notice of the '030 Patent and is aware that the manufacture, use, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '030 Patent will constitute an act of infringement of the '030 Patent.

100.    Unless enjoined by this Court, importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '030 Patent will infringe one or more claims of the '030 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

101.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Alkem concerning liability for the infringement of the '030 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

102.    Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '030 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem,

a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

103.    Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '030 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '030 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT V
## INFRINGEMENT OF THE '371 PATENT

104.    The allegations of paragraphs 1-103 above are repeated and re-alleged as if set forth fully herein.

105.    Plaintiffs own all necessary rights, title, and interest in and to the '371 Patent.

106.    Plaintiffs allege the following on information and belief, after a reasonable inquiry.

107.    Alkem has submitted or caused the submission of Alkem's ANDA to FDA, and continues to seek FDA approval of Alkem's ANDA Products.

108.    Alkem's ANDA Products (72 mcg, 145 mcg, and 290 mcg) and/or the use thereof infringes one or more claims of the '371 Patent.

109.    Alkem has infringed the '371 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alkem's ANDA with a Paragraph IV certification and seeking FDA approval of Alkem's ANDA Products before the expiration of the '371 Patent.

110.    If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '371 Patent.

–22–

Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '371 Patent.

111.    Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '371 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '371 Patent.

112.    If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey,  and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the '371 Patent.

113.    Importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '371 Patent will infringe one or more claims of the '371 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

114.    Alkem has actual and constructive notice of the '371 Patent and is aware that the submission of Alkem's ANDA with the request for FDA approval prior to the expiration of the '371 Patent would constitute an act of infringement of the '371 Patent.

115.    Alkem has acted with full knowledge of the '371 Patent and without a reasonable basis for believing that the manufacture, use, or sale of its generic product would not infringe and,

likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

116.    Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '371 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

117.    Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '371 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '371 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

**COUNT VI**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '371 PATENT**

118.    The allegations of paragraphs 1-117 above are repeated and re-alleged as if set forth fully herein.

119.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

120.    Plaintiffs own all necessary rights, title, and interest in and to the '371 Patent.

121.    Plaintiffs allege the following on information and belief, after a reasonable inquiry.

122.    Alkem's ANDA Products (72 mcg, 145 mcg, and 290 mcg) and/or the use thereof infringes one or more claims of the '371 Patent.

123.    Alkem has submitted or caused the submission of Alkem's ANDA to FDA and continues to seek FDA approval of Alkem's ANDA Products.

124.    Alkem has made, and will continue to make, substantial preparation to import Alkem's ANDA Products into the United States, and/or to use, offer to sell, and/or sell Alkem's ANDA Products within the United States.

125.    If Alkem's ANDA is approved, Alkem and/or its affiliates will immediately make, use, sell, offer for sale, and/or import Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '371 Patent. Additionally, if Alkem's ANDA is approved, health care professionals or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '371 Patent.

126.    Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '371 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '371 Patent.

127.    Alkem has actual and constructive notice of the '371 Patent and is aware that the manufacture, use, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '371 Patent will constitute an act of infringement of the '371 Patent

128.     Unless enjoined by this Court, importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '371 Patent will infringe one or more claims of the '371 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

129.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Alkem concerning liability for the infringement of the '371 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

130.     Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '371 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

131.     Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '371 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '371 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT VII
## INFRINGEMENT OF THE '628 PATENT

132.     The allegations of paragraphs 1-131 above are repeated and re-alleged as if set forth fully herein.

133.     Plaintiffs own all necessary rights, title, and interest in and to the '628 Patent.

134.     Plaintiffs allege the following on information and belief, after a reasonable inquiry.

–26–

135.    Alkem has submitted or caused the submission of Alkem's ANDA to FDA, and continues to seek FDA approval of Alkem's ANDA Products.

136.    Alkem's ANDA Products (145 mcg and 290 mcg) and/or the use thereof infringes one or more claims of the '628 Patent.

137.    Alkem has infringed the '628 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alkem's ANDA with a Paragraph IV certification and seeking FDA approval of Alkem's ANDA Products before the expiration of the '628 Patent.

138.    If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '628 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '628 Patent.

139.    Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '628 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '628 Patent.

140.    If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United

States, including in New Jersey,  and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the '628 Patent.

141.    Importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '628 Patent will infringe one or more claims of the '628 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

142.    Alkem has actual and constructive notice of the '628 Patent and is aware that the submission of Alkem's ANDA with the request for FDA approval prior to the expiration of the '628 Patent would constitute an act of infringement of the '628 Patent.

143.    Alkem has acted with full knowledge of the '628 Patent and without a reasonable basis for believing that the manufacture, use, or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

144.    Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '628 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

145.    Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '628 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '628 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT VIII
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '628 PATENT

146.    The allegations of paragraphs 1-145 above are repeated and re-alleged as if set forth fully herein.

147.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

148.    Plaintiffs own all necessary rights, title, and interest in and to the '628 Patent.

149.    Plaintiffs allege the following on information and belief, after a reasonable inquiry.

150.    Alkem's ANDA Products (145 mcg and 290 mcg) and/or the use thereof infringes one or more claims of the '628 Patent.

151.    Alkem has submitted or caused the submission of Alkem's ANDA to FDA and continues to seek FDA approval of Alkem's ANDA Products.

152.    Alkem has made, and will continue to make, substantial preparation to import Alkem's ANDA Products into the United States, and/or to use, offer to sell, and/or sell Alkem's ANDA Products within the United States.

153.    If Alkem's ANDA is approved, Alkem and/or its affiliates will immediately make, use, sell, offer for sale, and/or import Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '628 Patent. Additionally, if Alkem's ANDA is approved, health care professionals or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '628 Patent.

154.    Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem,

including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '628 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '628 Patent.

155. Alkem has actual and constructive notice of the '628 Patent and is aware that the manufacture, use, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '628 Patent will constitute an act of infringement of the '628 Patent

156. Unless enjoined by this Court, importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '628 Patent will infringe one or more claims of the '628 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

157. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Alkem concerning liability for the infringement of the '628 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

158. Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '628 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

159. Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '628 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '628 Patent renders this case

"exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT IX
## INFRINGEMENT OF THE '573 PATENT

160. The allegations of paragraphs 1-159 above are repeated and re-alleged as if set forth fully herein.

161. Plaintiffs own all necessary rights, title, and interest in and to the '573 Patent.

162. Plaintiffs allege the following on information and belief, after a reasonable inquiry.

163. Alkem has submitted or caused the submission of Alkem's ANDA to FDA, and continues to seek FDA approval of Alkem's ANDA Products.

164.

165. Alkem's ANDA Products (145 mcg and 290 mcg) and/or the use thereof infringes one or more claims of the '573 Patent.

166. Alkem has infringed the '573 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alkem's ANDA with a Paragraph IV certification and seeking FDA approval of Alkem's ANDA Products before the expiration of the '573 Patent.

167. If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, where it will then be used in a way that is directly infringing the '573 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '573 Patent.

168. Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '573 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '573 Patent.

169. If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, and will actively induce and/or contribute to the infringement of one or more claims of the '573 Patent under 35 U.S.C. §§ 271(b) and/or (c) by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '573 Patent and knowledge that it is encouraging infringement.

170. Alkem has actual and constructive notice of the '573 Patent and is aware that the submission of Alkem's ANDA with the request for FDA approval prior to the expiration of the '573 Patent would constitute an act of infringement of the '573 Patent.

171. Alkem has acted with full knowledge of the '573 Patent and without a reasonable basis for believing that the manufacture, use, or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

172. Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '573 Patent. Plaintiffs do not have

an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

173.    Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '573 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '573 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT X
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '573 PATENT

174.    The allegations of paragraphs 1-173 above are repeated and re-alleged as if set forth fully herein.

175.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

176.    Plaintiffs own all necessary rights, title, and interest in and to the '573 Patent.

177.    Plaintiffs allege the following on information and belief, after a reasonable inquiry.

178.    Alkem's ANDA Products (145 mcg and 290 mcg) and/or the use thereof infringes one or more claims of the '573 Patent .

179.    Alkem has submitted or caused the submission of Alkem's ANDA to FDA and continues to seek FDA approval of Alkem's ANDA Products.

180.    Alkem has made, and will continue to make, substantial preparation to import into the United States, and/or to use, offer to sell, and/or sell within the United States Alkem's ANDA Products.

181.    If Alkem's ANDA is approved, Alkem and/or its affiliates will immediately make, use, sell, offer for sale, and/or import Alkem's ANDA Products in the United States, including in New Jersey, and Alkem's ANDA Products will then be used in a way that is directly infringing one or more claims of the '573 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '573 Patent.

182.    Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '573 Patent,. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '573 Patent.

183.    Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Alkem will actively induce and/or contribute to the infringement of one or more claims of the '573 Patent under 35 U.S.C. §§ 271(b) and/or (c) by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '573 Patent and knowledge that it is encouraging infringement.

184.    Alkem has actual and constructive notice of the '573 Patent and is aware that the manufacture, use, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '573 Patent will constitute an act of infringement of the '573 Patent.

185.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Alkem concerning liability for the infringement of

the '573 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

186. Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '573 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

187. Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '573 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '573 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

**COUNT XI**
**INFRINGEMENT OF THE '325 PATENT**

188. The allegations of paragraphs 1-187 above are repeated and re-alleged as if set forth fully herein.

189. Plaintiffs own all necessary rights, title, and interest in and to the '325 Patent.

190. Plaintiffs allege the following on information and belief, after a reasonable inquiry.

191. Alkem has submitted or caused the submission of Alkem's ANDA to FDA, and continues to seek FDA approval of Alkem's ANDA Products.

192. Alkem's ANDA Products (72 mcg) and/or the use thereof infringes one or more claims of the '325 Patent.

193.    Alkem has infringed the '325 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alkem's ANDA with a Paragraph IV certification and seeking FDA approval of Alkem's ANDA Products before the expiration of the '325 Patent.

194.    If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '325 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '325 Patent.

195.    Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '325 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '325 Patent.

196.    If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey,  and will thereby actively contribute to the infringement of and/or induce the infringement of one or more claims of the '325 Patent.

197.    Importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '325 Patent will infringe one or more claims of the '325 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

198.    Alkem has actual and constructive notice of the '325 Patent and is aware that the submission of Alkem's ANDA with the request for FDA approval prior to the expiration of the '325 Patent would constitute an act of infringement of the '325 Patent.

199.    Alkem has acted with full knowledge of the '325 Patent and without a reasonable basis for believing that the manufacture, use, or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

200.    Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '325 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

201.    Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '325 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '325 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT XII
## DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '325 PATENT

202.    The allegations of paragraphs 1-201 above are repeated and re-alleged as if set forth fully herein.

203.    Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

204.    Plaintiffs own all necessary rights, title, and interest in and to the '325 Patent.

205. Plaintiffs allege the following on information and belief, after a reasonable inquiry.

206. Alkem's ANDA Products (72 mcg) and/or the use thereof infringes one or more claims of the '325 Patent.

207. Alkem has submitted or caused the submission of Alkem's ANDA to FDA and continues to seek FDA approval of Alkem's ANDA Products.

208. Alkem has made, and will continue to make, substantial preparation to import Alkem's ANDA Products into the United States, and/or to use, offer to sell, and/or sell Alkem's ANDA Products within the United States.

209. If Alkem's ANDA is approved, Alkem and/or its affiliates will immediately make, use, sell, offer for sale, and/or import Alkem's ANDA Products in the United States, including in New Jersey, thereby directly infringing one or more claims of the '325 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '325 Patent.

210. Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '325 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '325 Patent.

211. Alkem has actual and constructive notice of the '325 Patent and is aware that the manufacture, use, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '325 Patent will constitute an act of infringement of the '325 Patent.

212. Unless enjoined by this Court, importation, manufacture, sale, offer for sale, or use of Alkem's ANDA Products by Alkem or on its behalf prior to the expiration of the '325 Patent will infringe one or more claims of the '325 Patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

213. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Alkem concerning liability for the infringement of the '325 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

214. Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '325 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

215. Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '325 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '325 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT XIII
## INFRINGEMENT OF THE '576 PATENT

216. The allegations of paragraphs 1-215 above are repeated and re-alleged as if set forth fully herein.

217.    Plaintiffs own all necessary rights, title, and interest in and to the '576 Patent.

218.    Plaintiffs allege the following on information and belief, after a reasonable inquiry.

219.    Alkem has submitted or caused the submission of Alkem's ANDA to FDA, and continues to seek FDA approval of Alkem's ANDA Products.

220.    Alkem's ANDA Products (72 mcg) and/or the use thereof infringes one or more claims of the '576 Patent.

221.    Alkem has infringed the '576 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Alkem's ANDA with a Paragraph IV certification and seeking FDA approval of Alkem's ANDA Products before the expiration of the '576 Patent.

222.    If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, where it will then be used in a way that is directly infringing the '576 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '576 Patent.

223.    Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '576 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '576 Patent.

224.    If Alkem's ANDA is approved, Alkem and its affiliates will immediately make, use, sell, offer for sale, import, or otherwise distribute Alkem's ANDA Products in the United States, including in New Jersey, and will actively induce and/or contribute to the infringement of one or more claims of the '576 Patent under 35 U.S.C. §§ 271(b) and/or (c) by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '576 Patent and knowledge that it is encouraging infringement.

225.    Alkem has actual and constructive notice of the '576 Patent and is aware that the submission of Alkem's ANDA with the request for FDA approval prior to the expiration of the '576 Patent would constitute an act of infringement of the '576 Patent.

226.    Alkem has acted with full knowledge of the '576 Patent and without a reasonable basis for believing that the manufacture, use, or sale of its generic product would not infringe and, likewise, lacks any reasonable basis for believing that its generic product is a staple article or commodity of commerce suitable for substantial non-infringing use.

227.    Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '576 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

228.    Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '576 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '576 Patent renders this case

"exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

**COUNT XIV**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '576 PATENT**

229.   The allegations of paragraphs 1-228 above are repeated and re-alleged as if set forth fully herein.

230.   Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

231.   Plaintiffs own all necessary rights, title, and interest in and to the '576 Patent.

232.   Plaintiffs allege the following on information and belief, after a reasonable inquiry.

233.   Alkem's ANDA Products (72 mcg) and/or the use thereof infringes one or more claims of the '576 Patent.

234.   Alkem has submitted or caused the submission of Alkem's ANDA to FDA and continues to seek FDA approval of Alkem's ANDA Products.

235.   Alkem has made, and will continue to make, substantial preparation to import into the United States, and/or to use, offer to sell, and/or sell within the United States Alkem's ANDA Products.

236.   If Alkem's ANDA is approved, Alkem and/or its affiliates will immediately make, use, sell, offer for sale, and/or import Alkem's ANDA Products in the United States, including in New Jersey, and Alkem's ANDA Products will then be used in a way that is directly infringing one or more claims of the '576 Patent. Additionally, if Alkem's ANDA is approved, health care professionals and/or patients who use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling will directly infringe one or more claims of the '576 Patent.

237. Alkem knows and intends that health care professionals or patients will use Alkem's ANDA Products in accordance with Alkem's ANDA Product Labelling. Alkem, including through Alkem's ANDA Product Labelling, will advertise an infringing use and/or instruct how to engage in an infringing use, and Alkem will actively encourage health care professionals and patients to directly infringe one or more claims of the '576 Patent. Alkem will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '576 Patent.

238. Unless enjoined by this Court, upon FDA approval of Alkem's ANDA, Alkem will actively induce and/or contribute to the infringement of one or more claims of the '576 Patent under 35 U.S.C. §§ 271(b) and/or (c) by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '576 Patent and knowledge that it is encouraging infringement.

239. Alkem has actual and constructive notice of the '576 Patent and is aware that the manufacture, use, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '576 Patent will constitute an act of infringement of the '576 Patent.

240. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Alkem concerning liability for the infringement of the '576 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

241. Plaintiffs will be irreparably harmed if Alkem is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '576 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alkem,

a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

242.    Alkem's Paragraph IV Notice Letter lacks any sufficient contention that the '576 Patent is invalid, unenforceable, and/or not infringed by Alkem. Alkem's assertion of invalidity, unenforceability, and/or non-infringement with respect to the '576 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles Plaintiffs to recovery of its attorneys' fees and such other relief as this Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief:

A.    A judgment and order that Alkem has infringed the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A);

B.    A declaratory judgment that Alkem's manufacture, use, offer for sale, or sale of Alkem's ANDA Products in the United States, or importation into the United States, will directly infringe one or more claims of the Patents-in-Suit under 35 U.S.C. §§ 271(a) and/or (g);

C.    A declaratory judgment that Alkem's manufacture, use, offer for sale, or sale of Alkem's ANDA Products in the United States, or importation into the United States, will induce and/or contribute to the infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. §§ 271(b) and/or (c);

D.    A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 221648 shall be no earlier than:

    (i)    as to Alkem's proposed 72 mcg linaclotide capsule product, the expiration of the '036, '030, '371, '325, and '576 Patents, including any extensions or exclusivities; and

(ii)     as to Alkem's proposed 145 mcg and 290 mcg linaclotide capsule products, the expiration of the '036, '030, '371,'573, and '628 Patents, including any extensions or exclusivities.

E.      Entry of a permanent injunction, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Alkem and its officers, agents, manufacturers, distributors, servants, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert or participation with Alkem or on its behalf, from commercially manufacturing, using, offering for sale, or selling within the United States, or importing into the United States:

(i)     Alkem's proposed 72 mcg linaclotide capsule product until the day after expiration of the '036, '030, '371, '325, and '576 Patents, including any extensions or exclusivities; and

(ii)    Alkem's proposed 145 mcg and 290 mcg linaclotide capsule products until the day after expiration of the '036, '030, '371, '573, and '628 Patents, including any extensions or exclusivities.

F.      An award of damages or other relief pursuant to 35 U.S.C. § 271(e)(4)(C) to the extent Alkem commercially manufactures, uses, provides, offers to sell, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the Patents-in-Suit within the United States before the expiration of the Patents-in-Suit, including any later expiration of any extensions or exclusivities for the Patents-in-Suit to which Plaintiffs are or become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest;

G.      A judgment and order declaring that Alkem's acts render this case an exceptional case, and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

–46–

H.      An award of Plaintiffs' costs and expenses in this action; and

I.      Such other and further relief as the Court may deem just and proper.

DATED: July 24, 2026

By: /s/ *Jose L. Linares*

OF COUNSEL:

Jose L. Linares
Joseph L. Linares
Mark M. Makhail

Abigail Struthers (*pro hac vice* forthcoming)
Jerrit Yang (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
abigail.struthers@arnoldporter.com
jerrit.yang@arnoldporter.com

**MCCARTER & ENGLISH, LLP**
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
jlinares@mccarter.com
josephlinares@mccarter.com
mmakhail@mccarter.com

Jeremy Cobb (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
jeremy.cobb@arnoldporter.com

*Attorneys for Plaintiffs AbbVie Inc.,*
*Allergan Pharmaceuticals International*
*Limited, Allergan Sales, LLC, and*
*Ironwood Pharmaceuticals, Inc.*

David Denuyl (*pro hac vice* forthcoming)
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
david.denuyl@arnoldporter.com

.

*Attorneys for Plaintiffs AbbVie Inc., Allergan*
*Pharmaceuticals International Limited, and*
*Allergan Sales, LLC*

Gregory Morris, Ph.D. (*pro hac vice* forthcoming)
Jana Ruthberg (*pro hac vice* forthcoming)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
(212) 969-3000
gmorris@proskauer.com

Nicholas Prairie (*pro hac vice* forthcoming)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110-2600

–47–

–48–

(617) 526-9600
*Attorneys for Plaintiff Ironwood Pharmaceuticals, Inc.*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except as provided below.

United States Patent Nos. 7,304,036 (the "'036 Patent"), 8,933,030 (the "'030 Patent"), and 9,708,371 (the "'371 Patent") were the subject of now-closed proceedings before the sister court of this Court in *FOREST LABORATORIES HOLDINGS, LTD. et al. v. TEVA PHARMACEUTICALS USA, INC.*, 1:18-cv-00198 (D. Del.).  The Defendant in this matter was not involved in that case.

United States Patent Nos. 7,304,036 (the "'036 Patent"), 8,933,030 (the "'030 Patent"), 9,708,371 (the "'371 Patent"), 8,802,628 (the "'628 Patent"), and 8,748,573 (the "'573 Patent") were the subject of now-closed proceedings before the sister court of this Court in *ALLERGAN SALES, LLC et al. v. TEVA PHARMACEUTICALS USA, INC. et al.*, 1:16-cv-01114 (D. Del.). The Defendant in this matter was not involved in that case.

United States Patent Nos. 7,304,036 (the "'036 Patent"), 8,933,030 (the "'030 Patent"), 9,708,371 (the "'371 Patent"), 8,802,628 (the "'628 Patent"), and 8,748,573 (the "'573 Patent") were the subject of now-closed proceedings before the sister court of this Court in *FOREST LABORATORIES HOLDINGS, LTD. et al. v. SANDOZ INC.*, 1:18-cv-00171 (D. Del.). The Defendant in this matter was not involved in that case.

United States Patent Nos. 7,304,036 (the "'036 Patent"), 8,933,030 (the "'030 Patent"), 9,708,371 (the "'371 Patent"), 8,802,628 (the "'628 Patent"), and 8,748,573 (the "'573 Patent") were the subject of now-closed proceedings before the sister court of this Court in *ALLERGAN SALES, LLC et al. v. TEVA PHARMACEUTICALS USA, INC. et al.*, 1:18-cv-00226 (N.D. W. Va.).

The Defendant in this matter was not involved in that case.

United States Patent Nos. 7,304,036 (the "'036 Patent") and 8,933,030 (the "'030 Patent") were the subject of now-closed proceedings before the sister court of this Court in *FOREST LABORATORIES HOLDINGS, LTD. et al. v. MYLAN PHARMACEUTICALS INC.*, 1:18-cv-00227 (N.D. W. Va.). The Defendant in this matter was not involved in that case.

United States Patent Nos. 7,304,036 (the "'036 Patent") and  8,933,030 (the "'030 Patent") were the subject of now-closed proceedings before the sister court of this Court in *FOREST LABORATORIES HOLDINGS, LTD. et al. v. MYLAN PHARMACEUTICALS INC.*, 1:18-cv-00482 (D. Del.). The Defendant in this matter was not involved in that case.

United States Patent Nos. 7,304,036 (the "'036 Patent"), 8,933,030 (the "'030 Patent"), 9,708,371 (the "'371 Patent"), 8,802,628 (the "'628 Patent"), and 8,748,573 (the "'573 Patent") were the subject of now-closed proceedings before the sister court of this Court in *FOREST LABORATORIES, LLC et al. v. MYLAN PHARMACEUTICALS INC.*, 1:17-cv-01728 (D. Del.). The Defendant in this matter was not involved in that case.

United States Patent Nos. 7,304,036 (the "'036 Patent") and 8,933,030 (the "'030 Patent") were the subject of now-closed proceedings before the sister court of this Court in *FOREST LABORATORIES, LLC et al. v. AUROBINDO PHARMA LTD. et al.*, 1:17-cv-01210 (D. Del.). The Defendant in this matter was not involved in that case.

United States Patent No. 9,708,371 (the "'371 Patent") was the subject of now-closed proceedings before the sister court of this Court in *FOREST LABORATORIES, LLC et al. v. TEVA PHARMACEUTICALS USA, INC.*, 1:17-cv-01481 (D. Del.). The Defendant in this matter was not involved in that case.

United States Patent Nos. 8,802,628 (the "'628 Patent") and 8,748,573 (the "'573 Patent")

–51–

were the subject of now-closed proceedings before the sister court of this Court in *FOREST LABORATORIES, LLC et al. v. SUN PHARMA GLOBAL FZE et al.*, 1:17-cv-00865 (D. Del.). The Defendant in this matter was not involved in that case.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ *Jose L. Linares*
Jose L. Linares